[No. 13947.   Department One.   June 29, 1917.]

MRS. PATRICK MULLINS *et al.*, *Respondents*, v. ALVEOLAR DENTAL COMPANY *et al.*, *Appellants*.[1]

PHYSICIANS AND SURGEONS—DENTISTS—DEFECTIVE WORK—LIABILITY.  A dentist is liable for damages for pain and suffering caused a patient by defective and unsanitary sets of teeth which did not fulfill the representations and warranty made by him.

PLEADING—ISSUES AND PROOF.  Failure of proof as to some items of the complaint does not affect the right to a recovery for others.

Appeal from a judgment of the superior court for King county, Albertson, J., entered October 11, 1916, upon findings in favor of the plaintiffs, in an action for damages, tried to the court.   Affirmed.

*John F. Murphy*, for appellants.

*Philip Tworoger*, for respondents.

CHADWICK, J.—The respondent, Mrs. Patrick Mullins, was attracted by an advertisement of the appellant Alveolar Dental Company, of which appellant R. T. Royal is manager, and contracted with it to make for her a set of upper and lower teeth according to a peculiar process or system of which the company claims to be proprietor.   The contract price for the work was $280.   Mrs. Mullins paid $100 at the time of entering into the contract and $180 when the work was finished.   The work was guaranteed to be satisfactory and to give satisfaction during the term of the life of the patient.   The process employed by the dental company is to make a set of teeth without plates and to fasten it to such teeth or roots of teeth as may be in the mouth.   Instead of bridging the intervening spaces, the structure is supported by resting it upon what is called a saddle, which fits closely over and along the alveola ridge, with a concave surface.

[1]Reported in 166 Pac. 65.

When the work was completed, Mrs. Mullins objected to it as unsightly, but was persuaded by the manager of the company that everything would be all right when she had accustomed herself to the use of the teeth.   She returned to her home at North Yakima.   After a few weeks, the teeth became loosened from their supports.   In the meantime she had suffered great pain and had been reduced to an extremely nervous condition and was unable to attend to her household duties.   She again came to Seattle, where appellants removed the upper teeth.   Without relating the intervening details, Mrs. Mullins went to another dentist, who removed the lower set of teeth, allayed the inflammation in the gums, and made for her upper and lower teeth according to the methods more generally employed in the profession of dentistry.   Mrs. Mullins brought this action, her husband joining, to recover the amount paid for the work, and damages for pain and suffering.   After a trial by the court without jury, findings were made allowing $280, the amount paid by Mrs. Mullins, and $70 general damages.

It is contended that the testimony does not support the findings.   We think the testimony is ample to show that the work did not meet the representations of the defendants; that the teeth were unsatisfactory and unsightly, and by reason of the fact that the saddle fits down closely upon the alveola ridge, allowing food to accumulate which could not be readily removed, thus causing fermentation and irritation and the breath to become fetid and foul, unsanitary.

But it is contended that, in any event, respondents are not entitled to recover for pain and suffering.   If the testimony of the respondent Mrs. Mullins is to be believed, and we find no reason in the record for disbelieving it, we think that the trial judge was well within the bounds of moderation when he fixed the sum of $70 as general damages.   We find no reason for disallowing this item of damages.

Appellants contend that respondents have been permitted to recover upon a theory not advanced or set out in their

complaint, and cite authorities holding that this will not be permitted. It may be true that respondents failed in their proof with reference to some particular item suggested in the complaint, but they sustain the complaint in all other things and were entitled to recover. The testimony is, of course, conflicting, but we think it preponderates in favor of respondents.

The judgment is affirmed.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.